**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Joe Gonzalez,  Petitioner, vs. Charles L. Ryan; et al.,  Respondents. | No. CIV 12-566-TUC-LAB  **ORDER** |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 26, 2012, by Richard Joe Gonzalez, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Docs. 11, 13)

The petition will be denied. Trial counsel was not ineffective, and Gonzalez's remaining claims do not raise issues of federal constitutional law.

Summary of the Case

Gonzalez was found guilty after a jury trial of one count of continuous sexual abuse of a child. (Doc. 10-1, p. 2) On June 30, 2008, the trial court sentenced Gonzalez to 20 years' imprisonment followed by community supervision. (Doc. 10-1, p. 6)

On direct appeal, Gonzalez argued (1) the trial court erred in permitting the testimony of expert Wendy Dutton,  (2) the trial court erred by not limiting the scope of Dutton's testimony,  (3)  the trial court erred in denying the defense an interview of the victim's representative,  (4)  the prosecutor violated Gonzalez's right to remain silent during the questioning of detective Flores, and (5)  the prosecutor improperly impeached Gonzalez with a prior drug conviction.  (Doc. 10-1, p. 12)  The Arizona Court of Appeals affirmed his conviction and sentence on October 20, 2009. (Doc. 10-2, p. 15)  The Arizona Supreme Court denied review on April 7, 2010.  (Doc. 10-2, p. 43)

On June 2, 2010, Gonzalez filed notice of post-conviction relief.  (Doc. 10-2, p. 45)  In his petition he argued trial counsel was ineffective for failing to contest evidence of Gonzalez's prior convictions for drug trafficking.  (Doc. 10-3, pp. 7-15)  The trial court denied the petition on April 12, 2011.  (Doc. 10-3, p. 33)  On July 29, 2011, the Arizona Court of Appeals granted review but denied relief adopting the reasoning of the trial court below.  (Doc. 10-3, pp. 50-52)

On July 26, 2012, Gonzalez filed the pending petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)  He raises four grounds for relief:

> (1) Trial counsel was ineffective for failing to contest evidence regarding Gonzalez's prior conviction for drug trafficking.
>
> (2) The trial court erred by denying the defense the opportunity to interview the victim's representative.
>
> (3) The trial court erred by allowing the testimony of Wendy Dutton.
>
> (4) The trial court erred by not limiting the scope of Dutton's testimony.

(Doc. 1)

In their answer filed on December 17, 2013, the respondents argue all of Gonzalez's claims may be denied on the merits.  (Doc. 10)  Gonzalez did not file a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  If the petitioner is

in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer,* 379 F.3d 1089, 1092 (9th Cir. 2004).

Discussion

1    In his first claim, Gonzalez argues counsel was ineffective for failing to properly cabin
2 evidence of his prior felony conviction for drug trafficking. The state argues this claim should
3 be denied on the merits. The court agrees.

4    "Clearly established Supreme Court precedent provides a framework for examining Sixth
5 Amendment ineffective assistance of counsel claims." *Miles v. Ryan*, 713 F.3d 477, 486 - 487
6 (9th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2054 (1984)), *cert.*
7 *denied*, 134 S.Ct. 519 (2013). "To establish ineffective assistance of counsel under *Strickland*
8 a prisoner must demonstrate both: (1) that counsel's performance was deficient, and (2) that the
9 deficient performance prejudiced his defense." *Id*.

10    "The first prong of the *Strickland* test—deficient performance—requires a showing that
11 counsel's performance fell below an objective standard of reasonableness or was outside the
12 wide range of professionally competent assistance." *Id*. (punctuation modified) "The test is
13 highly deferential, evaluating the challenged conduct from counsel's perspective at the time in
14 issue." *Id*. "This inquiry should begin with the premise that under the circumstances, the
15 challenged actions might be considered sound trial strategy." *Id*.

16    "The second prong of the *Strickland* test—prejudice—requires the petitioner to
17 demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of
18 the trial would have been different." *Id*. "A reasonable probability is a probability sufficient to
19 undermine confidence in the outcome." *Id*.

20    This court's review of the state court's denial of the petitioner's claim is "doubly
21 deferential." *Miles*, 713 F.3d at 487. "The issue is not whether we believe the state court's
22 determination under the *Strickland* standard was incorrect but whether that determination was
23 unreasonable—a substantially higher threshold." *Id*. (punctuation modified).

24    At trial, Gonzalez took the stand in his own defense. (Doc. 10-3, p. 33) His prior felony
25 conviction for drug trafficking therefore was introduced into evidence pursuant to Arizona
26 Rules of Evidence 609. *Id*. During direct examination, trial counsel "pulled the sting" by
27 informing the jury of the nature of the prior conviction – transporting marijuana. *Id*. During
28 cross-examination, the prosecutor asked Gonzalez when he began *selling* drugs. *Id*. Gonzalez

- 4 -

1  denied ever selling drugs. *Id.* The prosecutor further established that Gonzalez had been
2  transporting a "large amount" of marijuana. *Id.* In her closing, the prosecutor referenced the
3  conviction and sentence in part to argue that the abuse stopped when Gonzalez was
4  incarcerated. (Doc. 10-3, p. 34) Defense counsel referenced the conviction and sentence in part
5  to argue Gonzalez could not have committed the crimes on the indictment date. *Id.* Counsel
6  "then reminded the jury that the charge was for marijuana possession and that Gonzalez pled
7  guilty and paid the price for that charge." *Id.* The trial court instructed the jury that the prior
8  conviction could be used only on the issue of Gonzalez's veracity, not as evidence of guilt. *Id.*

In Claim (1), Gonzalez argues trial counsel was ineffective for allowing specific evidence of his prior felony to come into evidence. He argues counsel should have "sanitized" the felony by limiting the evidence to the fact of the conviction without mentioning the specific nature of the felony. (Doc. 1, pp. 12-13) He also argues counsel should not have allowed the prosecutor to "smear" him throughout the trial and during her closing. *Id.*

The trial court, however, found that the amount of time the prosecutor spent discussing his prior felony was "minimal." (Doc. 10-3, p. 35) Accordingly, counsel was not ineffective for failing to rein in her cross-examination or her closing argument. Moreover, the trial court noted that trial counsel had a compelling reason *not* to sanitize the prior felony: If the fact of the felony conviction was introduced without any further explanation, there was a real chance the jury would speculate that the prior felony was for some other crime involving sex or children. (Doc. 10-3, p. 35) It was therefore sound trial strategy to inform the jury of the nature of the prior felony. Moreover, counsel was able to use the testimony to help the defense. He established that Gonzalez pled guilty and therefore took responsibility for his crimes. *Id.* He also emphasized the fact that Gonzalez was incarcerated during part of the time he was accused of committing the abuse. *Id.*

Trial counsel's performance was not deficient, neither did it cause Gonzalez prejudice. The state court's determination of this issue was not an unreasonable application of Supreme Court law.

In Claim (2), Gonzalez argues the trial court erred when it denied his motion to compel a pre-trial interview with Shannon Gonzalez, the victim's representative and aunt. (Doc. 1, p. 14) He argues this interview was necessary to enable him to effectively cross-examine the witness at trial. *Id.*

Habeas relief, however, is only available for a violation of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Supreme Court, however, has never determined that an accused has a right to compel a pre-trial interview with one of the government's witnesses. The Confrontation Clause protects the defendant's right to cross-examine the government's witnesses at trial. It does not give the defendant a right to pre-trial discovery. *Pennsylvania v. Ritchie*, 480 U.S. 39, 53, n. 9, 107 S.Ct. 989, 999, n. 9 (1987) ("[T]he Confrontation Clause only protects a defendant's trial rights, and does not compel the pretrial production of information that might be useful in preparing for trial."); *Hansen v. Schriro*, 2010 WL 2491012, 2 (D.Ariz. 2010). The decision of the Arizona Court of Appeals denying relief was not an unreasonable application of Supreme Court law. (Doc. 10-2, pp. 20-21).

In Claim (3), Gonzalez argues the trial court erred by allowing the testimony of expert Wendy Dutton because in previous cases she gave false testimony concerning her education. (Doc. 1, pp. 15-17) He argues her testimony should have been precluded pursuant to Arizona Rules of Evidence 702. *Id.*

In Claim (4), Gonzalez argues in the alternative that the trial court erred by not limiting the scope of Dutton's testimony. (Doc. 1, pp. 18-21) Specifically, he argues her testimony was not permissible pursuant to Arizona case law.

Claim (3) and Claim (4) raise issues of state law. They do not raise issues of federal constitutional law. Accordingly, habeas relief is not available. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (The Supreme Court has not clearly established that the admission of irrelevant or overtly prejudicial evidence results

in a trial that is fundamentally unfair and therefore habeas corpus relief cannot be granted on this theory.).

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on July 26, 2012 by Richard Joe Gonzalez, is DENIED.

IT IS FURTHER ORDERED denying the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 16th day of April, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge